GAJARSA, Circuit Judge,
with whom LINN, PROST, and O’MALLEY, Circuit Judges, join,
dissenting from the denial of the petition for rehearing en banc.
I respectfully dissent from the court’s denial of the request to rehear this case en *1364 banc. The refusal to rehear this ease en banc is erroneous because it allows our precedent in Canadian Fur Trappers Corp. v. United States, 884 F.2d 563 (Fed.Cir.1989), to continue to be the law of this circuit. As a result, we are required to continue assessing compounded interest under 26 U.S.C. § 6622 whenever a statute refers to the rate of interest calculated pursuant to 26 U.S.C. § 6621. This is not the result Congress intended. Because Canadian Fur was based on a misreading of the language in 19 U.S.C. § 1677g that appears in many other statutes, this court should have taken the opportunity to correct our flawed precedent.
Title 26 of the United States Code is the Tax Code. Section 6621 of title 26 states various rates of interest, including the rate of interest for amounts overpaid, amounts underpaid, and the federal short term rate. 26 U.S.C. § 6621. Although § 6621 certainly provides the rate of interest applicable to amounts underpaid or overpaid under the Tax Code, its rate of interest does not only apply to tax matters. See, e.g., 15 U.S.C. § 1117(b) (referring to the rate of interest under § 6621 for the payment of prejudgment interest); 19 U.S.C. § 1677g (referring to the rate of interest under § 6621 for the underpayment of import duties owed); 29 U.S.C. § 1132(g) (referring to the rate of interest under § 6621 for unpaid interest on retirement plan contributions); 41 U.S.C. § 422(h)(4) (referring to the rate of interest under § 6621 for the underpayment of amounts owed on government contracts).
Section 6621 does not specifically include a requirement that any interest calculated pursuant to the rate provided there must be compounded. Rather, the requirement to compound certain types of interest appears in § 6622 of title 26, which provides that “[i]n computing the amount of any interest required to be paid under this title or sections 1961(c)(1) or 2411 of title 28 ... or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily.” Thus, the statutory language of § 6622 requires that the amount of interest be compounded only when: (1) the amount of interest is required to be paid under title 26; (2) the amount of interest is required to be paid under sections 1961(c)(1) or 2411 of title 28; and (3) the amount of interest is calculated by reference to amounts due under title 26 or sections 1961(c)(1) or 2411 of title 28.
In Canadian Fur, an appeal from the Court of International Trade (“CIT”), the plaintiffs underpaid the duties owed on certain imported goods under title 19. 884 F.2d at 566. Because of this underpayment, the plaintiffs had to pay the government the difference between the amount already paid and the amount owed, along with interest on that difference. Id. To calculate the rate of interest, the court looked to 19 U.S.C. § 1677g, which provides “[t]he rate of interest payable ... is the rate of interest established under section 6621 of Title 26 for such period.” This court concluded that any interest due under 19 U.S.C. § 1677g needed to be compounded. Canadian Fur, 884 F.2d at 568. To reach this result, this court implicitly assumed that if a statute requires that the rate of interest be calculated pursuant to § 6621, that interest is “required” to be paid under title 26. That assumption, however, is inconsistent with the language of the statutes.
In reality, the interest due in Canadian Fur was “required” to be paid under title 19, not title 26. Section 1677g(a) of title 19 requires the payment of interest on the *1365 overpayment or underpayment of deposited merchandise. Id. (“Interest shall be payable on overpayments and underpayments of amounts deposited on merchandise entered, or withdrawn from warehouse ....”) Section 1677g’s reference to the “rate of interest” under § 6621 does not mean that the interest is required to be paid under title 26. It is due and payable under title 19 — the Tariff Act of 1930 — not title 26 — the Tax Code. The Eleventh Circuit recognized this distinction, interpreting 29 U.S.C. § 1132(g)(2)’s requirement that “interest on unpaid contributions shall be determined by using ... the rate prescribed under section 6621 of Title 26” to mean that “the rate of interest is determined by § 6621, not the method, formula, or procedure of the interest calculation.” Carriers Container Council, Inc. v. Mobile S.S. Ass’n, 948 F.2d 1219, 1225 (11th Cir.1991). The court concluded that “the compounding method or formula of § 6622 was inapplicable.” Id.
This interpretation is consistent with how courts construe the reference to § 6621 in the Lanham Act. Section 1117(b) of title 15 provides that the “the court [in counterfeit trademark actions] award[s] prejudgment interest ... at an annual interest rate established under section 6621(a)(1) of Title 26.” When assessing interest under § 1117(b), courts have applied only the rate of interest under § 6621, not the compounding requirement of § 6622. See, e.g., Philip Morris USA, Inc. v. U.S. Sun Star Trading, Inc., Case No. 08-CV-0068, 2010 WL 2133937 (E.D.N.Y Mar. 11, 2010); Sherwood Brands of R.I., Inc. v. Smith Enters., Inc., Case No. 00-CV-287T, 2003 WL 22061871 (D.R.I. Mar. 23, 2003). Properly construed, a statute’s reference to the rate of interest under § 6621 means only that § 6621 must be used to calculate the rate of interest, not that the interest is due under title 26.
Furthermore, the court in Canadian Fur violated the basic tenet that “[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant....” Corley v. United States, — U.S. —, 129 S.Ct. 1558, 1566, 173 L.Ed.2d 443 (2009) (citation and internal quotation marks omitted). The statutory text of both §§ 1961(c)(1) and 2411 of title 28 require that the rate of interest be calculated pursuant to § 6621. Yet they are additionally referenced in § 6622 to require compounded interest. 26 U.S.C. § 6622 (“[T]he amount of any interest required to be paid under ... sections 1961(c)(1) or 2411 of title 28, United States Code” must be compounded). By interpreting a statute’s reference to the rate of interest under § 6621 to make that interest due under title 26, the court in Canadian Fur rendered the reference in § 6622 to §§ 1961(c)(1) and 2411 of title 28 superfluous.
Even though Canadian Fur was erroneously decided, it was a precedential opinion and bound the panel in Raytheon to follow Canadian Fur. Section 422(h)(4) of title 41 — the relevant statute in Raytheon — • states that “[t]he interest rate applicable to any contract price adjustment shall be the annual rate of interest established under section 6621 of Title 26 for such period.” This language is nearly identical to the relevant language in 19 U.S.C. § 1677g. Furthermore, title 41, like title 19, creates the requirement that interest be paid. 41 U.S.C. § 422(h)(4) (“Such regulations ... shall require contractors ... to agree to a contract price adjustment, with interest, for any increased costs paid *1366 to such contractor or subcontractor by the United States.... ”). Correctly interpreted, both 19 U.S.C. § 1677g and 41 U.S.C. § 422(h)(4) require that the rate of interest is the “rate of interest established under section 6621 under Title 26” — nothing more, nothing less.
This erroneous statutory construction could have been corrected by rehearing this case en banc, the only method available to this court to correct its erroneous precedent. Thus, by failing to grant the petition for rehearing en banc, the court chooses to allow a plainly erroneous precedent to propagate itself, subjecting parties to pay compounded interest despite the fact that Congress did not intend that result. For these reasons, I dissent.